I suppose we would agree that the question we would enjoy hearing from both sides on is what's going on. Mr. Hill. Good morning, Your Honors, and thank you for the opportunity to speak to you today concerning my clients who are 76 female garment workers in the Commonwealth of North Mariana Islands, and I appreciate the opportunity. This case, I believe, arises really out of, initially, from the application of the Covenant, Section 503C of the Covenant that the Commonwealth of North Mariana Islands shares with the United States of America. And this Covenant, and this provision exempts, or ostensibly exempts, the application of certain laws of the United States from application in the CNMI. In this particular case, Section 503C exempts the minimum wage provisions of Section 6 of the Act of June 25th, 1938, as amended. Could I interrupt you just with a preliminary question, just to follow up on Judge Reimer? We're aware that the case of EEOC v. L & T is ongoing, I presume, and that your client's motion to intervene was granted, and that in that case, you're bringing all of the claims that are currently before us. And we're trying to understand the relationship between that case and this case, and whether you're proceeding on both matters concurrently, or what the status is on those actions. The present status of the intervention action, the EEOC case, is that we have had case management schedule already been issued, and we are proceeding under that at this point. There was, as indicated, there was no opposition to our intervention there in that matter. Do you seek recovery in that case of the exact same claims that you're asserting in this case? I believe so, and I say that with a little hesitation. I'm not exactly sure on one claim, I think it was the intentional infliction of emotional distress claim, that we may have not put in the intervention matter. But short of that, everything, I believe, is covered. It presents a very odd situation. I mean, if you've got, in effect, parallel proceedings pending in both courts, what is the game plan? I mean, you're not going to keep them going since you end up with a conflicting result. Yes, and we tried to point that out that we felt that we requested a stay, that at least a stay of this proceeding until we were able to complete the other, as being maybe perhaps a fair way to approach this with the judicial economy in mind, realizing that we can't have two cases on the same court, or two recovers. And so this is what we were requesting. I know it was constrained because of the time constraint, but that's what we thought would be the best result. And we thought that we had had, at one point, the other side's agreement to that, but they apparently reassessed and changed their mind about staying the matter while the others agreed. A stay is just a Band-Aid. I mean, it still leaves two parallel proceedings in place to roll the dice and see which one produces a more favorable outcome. And so, I mean, I guess my question is just, somebody's got to fish or cut bait on one of the other of them, I would think, and it's either got to be you or us or the district court. Well, why shouldn't we just dismiss this case without prejudice and let you run your course on the other case and whatever's left over, if there's anything left over, bring it back? Well, Your Honor, I think that would be a fair result and I think that we tried to indicate that as being one of the alternatives in our motion, or in our notice to the court, that that would be an alternative to that. I want to be sure I understand your answer because I didn't read that in your complaint. In fact, I read your request. I read it just the opposite. So I'd like to be sure of your answer to Judge Goodwin. He suggested dismissing this appeal without prejudice, right? Or dismissing this case without prejudice. What is your position on that? Well, for sure, I'm looking at it this way, for sure, assuming that the EEOC case proceeds, for sure that would not be resolved without the parties reaching some resolution about what would be pending here in this case, or wherever this case may be. And so the final result would be that I'm sure that the parties, the defendants and plaintiffs would insist upon resolving all of the outstanding litigation as to anything that they may come up with. Or if the court eventually rules against them on the claims, they would be stuck with that result. Okay. Okay, so what's the bottom line, I mean, so the bottom line is? Well, our plaintiff's side would request that the man, as Judge Goodwin has indicated, suggested that perhaps a dismissal without prejudice. And I'm not exactly sure myself as to what complications that would may create as far as discovery, because we have to bear in mind also that we've already done some discovery here and whether we're going to duplicate that in the other case or not, and how we will handle that and whether we can resort back to, of course, the discovery that we've already done in the matter. So procedurally it's awkward, I realize that, but that's why I thought I should raise it and bring it to the court's attention at least, because I didn't have the final answer myself to it after looking at it and exactly what was all there to be considered. Okay, well maybe you better take your best shot at why the district court got it wrong on the federal claims, whether it's a matter of jurisdiction or on the merits. Okay, thank you. The district court erred in premising its decision on the theory that the minimal wage provisions of the FALSA do not apply to the CNMI. The court arrived at this apparently through its analysis of Section 503C and concluding that since the 506, subsection C says that the minimum wage provisions of Section 6 of the act, now that's very specific. It does not say anything about the jurisdiction of district courts. It does not say anything about the continuing or termination of any jurisdiction that the district court, that a district court would have over such a claim. The court reads this into the act to reach its conclusion that they have no jurisdiction over it. Well, I think what the court is saying is that the claim is just, it's just not arguable because the covenant clearly trumps any claim that's based on minimum, federal minimum wage law, including a deduction from it because it doesn't apply. So, if it's unarguable, it either means that there's no federal question jurisdiction or if there were federal question jurisdiction, it just goes nowhere on the merits. I mean, that's what I think the court was doing, right? Well, my position is that the court was faced with this dilemma and that is that, okay, so the CMI has authority under Section 6 here. All that Section 6 says is sets the hourly rate, minimum wage hourly rate. That's all. And the, it doesn't change the rest of the analysis, the application of the. Well, what else applies, Mr. Hill? I just don't understand. I mean, if I get your claim, it is that the requiring many of your clients to pay for their health certificates and exams was the functional equivalent of a deduction from minimum wage and or from overtime. And or a kickback. Well, I don't see that in there. And that certainly doesn't have anything to do with Federal Minimum Wage Act, I would What other provision in the Federal Minimum Wage Act do you claim supports that kind of theory? Where else does it lie? I mean, what am I supposed to look to to say, aha, that supports this cause of action? The, of course, we have the body of the Department of Labor's own CFR, which is extensive in the area and relied upon. As a matter of fact, as we point out, that the CMI itself uses the CFR in interpreting its own definition of regular rate, et cetera. And that's quite clear. I think the problem presented here is this. Assuming that the CMI can set its minimum wage hourly rate, what does that mean as far as procedurally? And so if someone violates, fails to pay the use of the CMI hourly rate at the hourly rate, does that house the district court could not hear the matter if someone came and said, I'm not being paid at the CMI $3.50 an hour rate. I think the district court answers that by saying perhaps correctly or incorrectly, but if there were diversity jurisdiction, that is a claim under the CMI minimum wage law. I mean, that's what the district court said. And you've got two claims, if I understand it correctly, that are based upon commonwealth law, right? That's correct. So if there's diversity, then there's nothing to keep you from pursuing those claims, either in federal court or state court, your choice, right? That's correct. Okay. But the difficulty here, I believe, is that the court's assumption is that section C, they read more into it than it is. It says provisions, but when you look at it, the only provision here, the relevant pertinent provision here is the ability of the CMI to, instead of the U.S. telling them what is the dollar hourly minimum wage rate, they can insert that. But all of the rest of that section turns on itself. It all has to do with the federal minimum wage. Absolutely not. Well, okay, so point me where it doesn't. That's what I'm trying to find out from you. Where else in the act is there support for that kind of a cause of action? Okay, if you look at section 206A1 and 206B of section 6, that speaks in terms of unrelated things that are unrelated to the minimum wage. Wait a second. I'm sorry, 206? 206A1. A1? Yes. Yeah? What does that have to do with your claim? No, I thought you were saying that there was other provisions in there that they all had to do with the minimum wage. I was saying that 206. Mr. Hill, just help me. I'm sorry to be kind of obtuse. But I'm just struggling with where else in the Federal Minimum Federal Wage Act do you found your claim, if not in 206? Oh, okay. 207, to the extent that- That's overtime. Overtime, to the extent that the failure to pay these amounts may have affected their regular rate. I mean, it would have cut short also their overtime wages there, 207. So actually, they kind of work in tandem there. Do you disagree with the district court's calculation that the amount of the cost for health exams of $60 couldn't possibly cut into their overtime? Do you disagree with that calculation? I didn't understand them to actually have said that, that it could not possibly- Right, so that's why it didn't find 207 to be applicable. No, but we felt that the Arriaga case, in that case, it also dealt with the similar fees for cost. And it indicates that they should have a claim for the non-payment of these amounts. It doesn't matter exactly whether it's in the first week. The district court seemed to have felt a bit of an opinion that unless they- if there were such a failure to pay, that it had to be paid during the first week. Now, it's not clear why they felt that when clearly there were those in the complaint who indicated that they had not actually incurred their health and examination fees until the last day of employment, which was in May of 2004, May 13th, when they incurred this. So it was like three months after they had started to work and before they incurred these fees and not at the beginning, so it wouldn't be something that would automatically necessarily be- you'd have to calculate as of the first pay period as suggested by the district court. Now, we'd also like to point out, too, that Section 503C does not purport to nullify the CFR. It doesn't address that. Now, the CFR opposition, as we pointed out, is that the CFR being a duly promulgated regulation to have the force and effect of law and that no one has ever suggested that the CFR should not apply in its full capacity as written to claims arising in the CNMI, and so there's no distinction to be made between whether or not they're paying under CNMI the rate that's established there, but when it comes to interpreting how that's going to interplay on the regular rate and the overtime and the rest of the FALSA, the CNMI is in tandem with the rest of the district courts across the nation. Otherwise, we'd have the tail wagging the case. In any event, I would also point out that the recent legislation, as we indicated, has changed that now that the minimum wage rate of the U.S. is- the wage rate, hourly rate, is now fully applicable in the CNMI as of now, as we speak, and so that maybe in a sense kind of answers the question, but again, nowhere does it reference the CFR in doing this because I don't think it was necessary to reference that because the CFR, I think, remained as a very operative document in interpreting the application of FALSA throughout the nation and not just in the CNMI, and that's what we had here with the judge's decision here. Now, if I may- No, Mr. Hill, you're down to about a minute left, so if you want to- Let me just reserve that. Sure. We'll hear from Mr. Thompson. Good morning. May it please the court and counsel, my name is Colin Thompson. I represent L&T International Corporation. In this appeal, we would urge the court to affirm the lower court's decision, and this court may do that on any ground that is supported by the record as this court has noted in Enloe v. Salem-Kaiser. I think there's no real question that we could, but the question is whether we should, particularly given that the district court itself didn't wrestle with these issues. There may be issues of fact, there may not be, but it certainly is a somewhat complex undertaking that we don't get paid to do, so why should we? This complaint, Your Honor, was filed in March of 2005, and here we are three years later. We've taken many depositions- Well, normally defendants don't mind that. There was a fair and full hearing on merits in the district court, and the court issued its opinion, and to now, for example, dismiss without prejudice, we're just going to do it all again. No, but aside from the possibility of dismissing without prejudice, let me hear you. Let me assert something. The district court got it right on the federal question issue, either because of a matter of jurisdiction or on the merits. Just assume that for a moment. Then the district court did not grapple with the question of whether it had diversity jurisdiction, diverse parties having existed, but it didn't really grapple across the board with whether there was an amount of controversy on at least one claim sufficient to give rise to its exercising diversity jurisdiction, and you don't really defend that on appeal. It appears like you can't say to a legal certainty if there wasn't diversity on at least the intentional infliction of emotional distress claim, whether it's probable or likely or anything else is beside the point, whether you can say it to a legal certainty. Therefore, my question gets down to, if all that's correct, why shouldn't we just say that and send it all back and let the district judge wrestle from there? My reading of the order, which is on appeal, is that the judge did wrestle with the claim of presented sufficient facts to create a genuine issue of material fact as to the outrageousness of the conduct or the severity of the injury. I agree with that, but that's a merits-based determination and the merits don't drive jurisdiction. So the jurisdiction question is whether to a legal certainty the claim $75,000 could not be recovered on that claim. But if you parse that claim out, dismiss it on its merits, which is what I believe the court did in terms of its analysis of that claim in the order, as well as the claim of fraud, those claims were decided on their merits. And you can read that in the language of the order, even though there's the broad statement that this is a dismissal only on the basis of jurisdiction. There is that broad statement, but if you look closely at the order, it does address the merits of those two claims, which may give rise to a claim greater than $75,000. Let me ask you to address the fraud claim, because the district court really seemed to decide, or to the extent it was merits-based, it was based on not a pleading requirement, not pleading fraud with particularity. Assuming that we disagree with that, do you think that the district court nevertheless went on and reached the merits of the fraud claim? Yes, Your Honor. And I agree that that language isn't quite right. But the conclusion reached in the order, I could cite to that, was that the employees were, quote, not able to show a genuine issue of material fact at their fraud claim. I think that's page 6 to 8 of the order. So even though there is that statement relating to Rule 9, pleading with particularity, there's also the conclusion that no issue of genuine material fact was shown in the fraud. That is on page 8 of the order in the first sentence of the top paragraph. And the record is pretty clear, or certainly clear, that there were no allegations in all of these declarations of all of the plaintiffs that they relied on promises by one of the agents of the employer that they would have endless unconditional employment or employment for two years, or that that is why, this promise, that that is why they decided to accept employment. And there is evidence to the contrary in the form of deposition testimony. Most of those who deposed said, I took the job because it was a good job and it paid well, and I wanted to work there, not because of false promises made to them. So the record supports a finding on the merits for the fraud claim. And the judge at the district court said that there was no genuine issue of material fact at their fraud claim. There was evidence going the other way as well. There was testimony that they were misled to think it was a one-year job or that it was a two-year job, and that, in fact, the company already knew that they were in the midst of an economic downturn or that they had hired these individuals only until they could get preferred Chinese workers. So there was that testimony as well. Why doesn't that create a genuine issue of material fact? Well, some of that may have been, some of the evidence you refer to may have been part of a court granted, and it's in this order, granted our motion to strike that evidence. It was not admissible evidence, not relevant, not admissible. And even if the court found there were some misrepresentations by an agent of the employer, again, there was no evidence on the merit, on the issue of reliance, that the reason that they took the job was because of these misrepresentations. Then there's the issue that this is an integrated contract, a written contract, signed under penalty of perjury, which says it's a one-year contract, and under our statutory law in the Commonwealth, our contracts are for one year. All of these plaintiffs that worked in the CINEMAI a number of years, all of them have transferred from another employer to L&T and would and did know that the contracts were for one-year period, subject to the terms of the contract, which provide for termination under certain conditions, including reductions in force. The question, is Mr. Pixley still a counsel of record in this case for L&T? Yes, he is. And you are also? Yes. The clerk's day sheet listed Mr. Pixley as arguing. Mr. Pixley intended to argue, and we did submit a letter to the court. There was something in there about the change, yeah. Just wanted to make it clear who was arguing. Other than the emotional distress claim and the fraud claim, is it your position that the district court reached the merits of any other issue, and I guess the declaratory relief issue? Did the district court, in your view, reach the merits of any other issue? I don't believe that is expressed in the order. I believe if those cases are dismissed that have a jurisdictional, that could conceivably have a recovery greater than $75,000, that is the emotional distress claim and the fraud, those were addressed on the merits, and the others presumably were dismissed on jurisdictional grounds, but again, I think the record shows that there is no issue of genuine material fact raised in the evidence presented at the lower court on any of these claims. I have nothing more if the court is done. All right, thank you, Mr. Thompson. Mr. Hill. One by one minute. Addressing the issue of fraud and the intentional infringement of emotional distress, under the fraud count, we did, plaintiffs did present a genuine issue of material fact, and by showing that in our particularized pleading that beginning in June 2003, the company had already indicated that it was in downsizing, it was a riffing, and that they had expected to continue that, and then six months later, our clients come along, nothing is said to them about this ongoing riff, and everything is made to appear as though business as usual at the factory, and they are hired, and only to be terminated 90 days later, three months into a 12-month, at least a 12-month contract. The other point that I wanted to correct Mr. Thompson on, and he'll recall, is that in the CNMI, there are two types of contracts. You can have one for one year or for two years intervals, and that's what's available. I think he'll admit with that, he'll agree with that. The other is that on the outrageousness that we felt that the district court erred in failing to consider the special relationship created by the employee-employer relationship between these agent workers and the employer in arriving at or determining whether or not the conduct could be deemed outrageous, and we think that fits in with Chargill off the CNMI's case on this point. Thank you, Mr. Hill. Thank you. Thank you, counsel. The matter just argued will be submitted.
judges: Goodwin, Rymer, Ikuta